Walter Harold PUMMILL, Appellant,

v.

UNITED STATES of America, Appellee.

No. 16935.

United States Court of Appeals Eighth Circuit.

Dec. 14, 1961.

Before JOHNSEN, Chief Judge, and MATTHES, Circuit Judge.

PER CURIAM.

Appellant was charged in an indictment of two counts with the separate offenses under 18 U.S.C. § 2113, of (1) having robbed the Lemay Bank and Trust Company of Lemay, Missouri, on November 19, 1954, and having, in committing the robbery, put in jeopardy the life of the assistant cashier of the bank by the use of a dangerous weapon, and (2) having robbed the Normandy State Bank, Normandy, Missouri, on September 26, 1955, and having, in committing the robbery, put in jeopardy the life of a vice president and other employees of the bank by the use of a dangerous weapon. He was found guilty by a jury on each charge, and was given a sentence of fifteen years on each count, to be served consecutively.

He thereafter filed a motion to have the sentence on the second count set aside as being illegal, or to have such sentence made to run concurrently with that on the first count. The basis of his motion was that it was illegal and prejudicial to have joined and tried the two charges together. No objection to the joinder and trial had at any time been previously made by him. The trial court denied the motion without a hearing. Notice of appeal was filed by appellant, but his application for leave to proceed with the appeal in forma pauperis was denied by the court on the ground that it was without merit and so not taken in good faith. Appellant attempts to challenge here the court's certificate and seeks to have us grant him leave to proceed on appeal in forma pauperis.

The two offenses with which appellant was charged were of the same character and were, therefore, properly subject, under Rule 8(a) of the Rules of Criminal Procedure, 18 U.S.C.A., to joinder in the same indictment. Neither the

trial nor the sentence which appellant seeks to have set aside would be illegal. If there was any sound basis for asking to have the charges tried separately, this should have been done by a motion made at the time under Rule 14 of the Rules of Criminal Procedure, 18 U.S.C.A. Appellant's contention of prejudice from joinder cannot be used as a basis for collateral attack. In fact, the prejudice claimed by him, that joinder of the two charges of bank robbery made it more difficult for him to defend and held him out to the jury "as being an habitual criminal", would not alone be sufficient to have entitled him to separate trials of the two offenses even if he had made a motion for this purpose prior to his trial.

The appeal pending from the filing of notice of appeal will be permitted to be docketed without payment of fee, but will thereupon be dismissed as being frivolous.

Appeal dismissed.