Clyde B. TERRY, Appellant,

v.

UNITED STATES of America,
Appellee.

No. 19486.

United States Court of Appeals
Fifth Circuit.

Nov. 28, 1962.

Reuben A. Garland, Atlanta, Ga., for appellant.

Charles L. Goodson, U. S. Atty., J. Robert Sparks, Asst. U. S. Atty., Edgar L. Jenkins, Asst. U. S. Atty., Atlanta, Ga., for appellee.

Before TUTTLE, Chief Judge, WISDOM, Circuit Judge, and JOHNSON, District Judge.

PER CURIAM.

Clyde B. Terry was indicted for the unlawful transfer of marihuana. 26 U.S.C.A. § 4742; 68A Stat. 560. Count one charged that on January 7, 1960, without a written order, he unlawfully transferred 20 grams of marihuana to Norris Farmer and Jewell Collins. Count two charged that on February 10, 1960, without a written order, he transferred 25 grams of marihuana to the same persons. Terry was convicted on only the first count.

The appellant contends, first, that he was prejudiced by the joinder of charges. There is no merit to the contention. Two or more offenses may be charged in the same indictment, if they are of the same or similar character. Rule 8(a), F.R.Crim.P. Courts have often upheld a joinder of similar offenses. Kivette v. United States, 5 Cir., 1956, 230 F.2d 749, cert. den'd 355 U.S. 935, 78 S.Ct. 419, 2 L.Ed.2d 418; Hoover v. United States, 10 Cir., 1959, 268 F.2d 787; Peckham v. United States, 1953, 93 U.S. App.D.C. 136, 210 F.2d 693. Here the offenses were identical.

We note too that the defendant did not move for a severance of counts. In a similar situation in a recent case, Pummill v. United States, 8 Cir., 1961, 297 F.2d 34, the court held:

"The two offenses with which appellant was charged were of the same character and were, therefore, properly subject, under Rule 8(a) of the Rules of Criminal Procedure, 18 U.S.C.A., to joinder in the same indictment. Neither the trial nor the sentence which appellant seeks to have set aside would be illegal. If there was any sound basis for asking to have the charges tried separately, this should have been done by a motion made at the time under Rule 14

**716**

of the Rules of Criminal Procedure, 18 U.S.C.A. Appellant's contention of prejudice from joinder cannot be used for a basis for collateral attack."

 The defendant's second contention is that the evidence is insufficient to support conviction. After a careful study of the record, having in mind the standards for appellate review, the Court finds that the evidence supports the verdict and judgment.

The judgment is

Affirmed.