STATE OF NEW JERSEY, PLAINTIFF-APPELLANT, v.
CHARLES BAKER, DEFENDANT-RESPONDENT.

Argued March 7, 1967—Decided March 27, 1967.

Mr. *Martin G. Holleran,* Assistant County Prosecutor, argued the cause for appellant (Mr. *Brendan T. Byrne,* Essex County Prosecutor, attorney).

Mr. *Sidney J. Bernstein* argued the cause for respondent.

The opinion of the court was delivered

Per Curiam. Two indictments were returned charging defendant with the sale of heroin. Each indictment charged a single sale, one being to a federal agent on January 10, 1963 and the other to a Newark officer on March 4, 1963. The State moved the indictments for trial together and defendant did not object. He was convicted upon both charges. The Appellate Division reversed on the ground that a joint trial of the offenses constituted "plain error." *State v. Baker,* 90 *N. J. Super.* 488 (*App. Div.* 1960). We granted the State's petition for certification. 47 *N. J.* 565 (1966).

*R. R.* 3:5–6 authorizes a joint trial of two or more indictments if the offenses could have been joined in a single indictment. *R. R.* 3:4–7 in turn provides:

"Two or more offenses may be charged in the same indictment or accusation in a separate count for each offense if the offenses charged, whether high misdemeanors or misdemeanors or both, are of the same

or similar character or are based on the same act or transaction or on two or more acts or transactions connected together or constituting parts of a common scheme or plan."

The two offenses here involved are "of the same or similar character," within the meaning of the quoted rule. The rule, which was borrowed from Federal Rule of Criminal Procedure 8(a), contemplates that such separate offenses may be tried together. The factual situations were uncomplicated, and the evidence as to each offense was simple and distinct. *Drew v. United States,* 118 *U. S. App D. C.* 11, 331 *F. 2d* 85, 91 (1964).

There was no objection and hence the question is whether there was "plain error." Such a finding in this case would be tantamount to a condemnation of the rule itself. We are not indifferent to the possibility of harm, and we do not suggest that a motion for severance or an objection to a joinder of unrelated offenses should be regarded lightly. But after a trial of several charges without objection, it takes a strong showing of probable prejudice in fact to warrant a finding of "plain error." *Cf. Terry v. United States,* 310 *F. 2d* 715 (5 *Cir.* 1962). We do not think this record supports such a finding.

We see no merit in the remaining points defendant urged before the Appellate Division.

The judgment of the Appellate Division is reversed and the judgments of conviction are affirmed.

*For reversal*—Chief Justice WEINTRAUB and Justices JACOBS, FRANCIS, PROCTOR, HALL, SCHETTINO and HANEMAN—7.

*For affirmance*—None.