101 N.J. Super. 390 (1968)
244 A.2d 506
THE STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
ANGOLO GEORGE ORLANDO, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued May 13, 1968.
Decided June 14, 1968.
*391 Before Judges GAULKIN, LEWIS and KOLOVSKY.
Mr. Daniel J. O'Hern argued the cause for appellant (Messrs. Abramoff, Apy & O'Hern, attorneys).
Mr. Thomas L. Yaccarino, Assistant Prosecutor, argued the cause for respondent (Mr. Vincent P. Keuper, Monmouth County Prosecutor, attorney).
The opinion of the court was delivered by KOLOVSKY, J.A.D.
Defendant appeals from judgments of conviction entered on jury verdicts finding him guilty on each of two counts of an indictment charging him with inducing and forcing two children under the age of 16 to do and to submit to acts tending to impair the morals of the said children, in violation of N.J.S. 2A:96-3.
Each count of the indictment charged defendant with a separate and distinct offense; the first, alleged to have occurred on April 15, 1966, involving a nine-year-old girl, A; the second, alleged to have occurred on June 16, 1966, involving a seven-year-old girl, K.
Defendant concedes that charging the two offenses in separate counts of one indictment was permissible under R.R. 3:4-7, which provides:
*392 "Two or more offenses may be charged in the same indictment or accusation in a separate count for each offense if the offenses charged, whether high misdemeanors or misdemeanors or both, are of the same or similar character or are based on the same act or transaction or on two or more acts or transactions connected together or constituting parts of a common scheme or plan."
While there was neither charge nor proof that the offenses were "based on the same act or transaction or on two or more acts or transactions connected together or constituting parts of a common scheme or plan," both were "of the same or similar character."
Defendant's principal contention on appeal is that under the circumstances of this case the trial court abused its discretion and committed prejudicial error in denying his pretrial motion under R.R. 3:5-7 to order the two counts tried separately. We agree and reverse.
R.R. 3:5-7, entitled "Relief from Prejudicial Joinder" provides:
"If it appears that a defendant or the State is prejudiced by a joinder of offenses or of defendants in an indictment or accusation or by such joinder for trial together, the court, in its discretion, may order an election or separate trials of counts, grant a severance of defendants, or provide whatever other relief justice requires."
The rule recognizes, as do our cases, the possibility of harm and prejudice in the joint trial of unrelated offenses, see State v. Baker, 49 N.J. 103, 105 (1967), certiorari denied 389 U.S. 868, 88 S.Ct. 141, 19 L.Ed.2d 144 (1967); State v. Coleman, 46 N.J. 16, 24 (1965), certiorari denied 383 U.S. 950, 86 S.Ct. 1210, 16 L.Ed.2d 212 (1966), and affords a method of relief therefrom.[*] However, application *393 for a severance is to be made before trial; "after a trial of several charges without objection, it takes a strong showing of probable prejudice in fact to warrant a finding of `plain error'." State v. Baker, supra, at p. 105.
Here, there was a pretrial motion for a severance which the court undertook to hear and decide on the merits after denying defendant's motion for an adjournment of the trial so that that application and other motions might be presented formally.
The rules contemplate that "[w]here prejudice appears, the defendant may readily obtain a severance or other suitable relief. See R.R. 3:5-7." State v. Coleman, supra, at p. 24. Further, as the court noted in State v. Baker, supra:
"We are not indifferent to the possibility of harm, and we do not suggest that a motion for severance or an objection to joinder of unrelated offenses should be regarded lightly." (at p. 105)
Unfortunately, it is impossible to ascertain from the record whether defendant's motion was or was not "regarded lightly." The court's ruling denying the motion is embodied in the single word "Denied," without any accompanying statement of reasons. We are afforded no explanation of why it was deemed an appropriate exercise of discretion to deny severance in circumstances indicating, at least prima facie, serious prejudice to defendant and tactical advantage to the State if the two charges were tried together.
*394 Defendant and the parents of the children, who were not related, lived in neighboring homes. The State contended that the offenses were perpetrated during visits to defendant's home while only the child and defendant were present  the incident involving the nine-year-old shortly after Easter, that involving the seven-year-old some two months later, the indictment approximating the latter date as June 15. Neither child said anything to anyone about what had allegedly occurred until June 25 when, while K, A and A's sister and brother, and perhaps also K's brother, were engaged in making potholders, the stories were told by A and K, resulting in a report to the parents of the children who, in turn, went to the police.
When the motion for a severance was made, it was apparent that the only evidence to be adduced by the State in support of each charge was the testimony of the one child involved therein. There was not to be, nor was there evidence of a "fresh complaint." Cf. State v. Balles, 47 N.J. 331 (1966), certiorari denied 388 U.S. 461, 87 S.Ct. 2120, 18 L.Ed.2d 1321 (1967). Yet, in reality, although the jury was told to consider each count separately, the effect of the joinder was to give the State two witnesses instead of one to overcome defendant's denial of either offense and, in view of the abhorrent nature of the offense, to multiply the chances that defendant would be convicted. Further, the prejudice to be anticipated from joint trial of the two offenses was confirmed by what in fact did occur at the trial.
There was no compelling valid reason why the State should insist, over defendant's objection, that the two charges, involving offenses allegedly committed some two months apart, be tried at one time. No appreciable saving of time resulted from the joinder of the two distinct offenses for trial rather than offering the proofs specifically applicable to each offense at separate trials, each of which would be of short duration.
Only one of the several other arguments advanced by defendant for reversal calls for our comments, and that one only because the problem will recur at the new trial.
*395 Defendant offered into evidence certain work and pay records of the New Jersey Highway Authority, his employer, for the two-week periods ending April 19 and June 20, 1966. The authenticity of the records was verified by the Authority's engineer of maintenance. They evinced that defendant had worked a full eight-hour day on each of the days shown therein. An objection to the admission of the records was sustained. The trial transcript does not reveal the reason for the court's ruling or the basis for the State's objection to the offer. The State argues before us that since the records do not reveal the particular hours worked by defendant on any day, they are irrelevant and immaterial. They are clearly relevant; their weight is for the jury.
The records should have been admitted into evidence; they were probative, negative to some degree the fortuity of defendant's presence at home during working hours of the periods involved in the charges. They were admissible as "business entries." Cf. Rules of Evidence, Rule 63 (13). The method and circumstances of preparation of the records were properly proven. The "sources of information" justified admission. Although the number of hours listed were compiled from information given by defendant himself, he was duty-bound to report hours of work, cf. Fagan v. City of Newark, 78 N.J. Super. 294 (App. Div. 1963), and there was evidence of independent verification by the Authority's landscape engineer.
The judgments of conviction are reversed and the cause remanded for a separate trial on each count of the indictment.
NOTES
[*] The problem of joinder and severance of offenses and defendants in criminal cases has been the subject of a recent study by the American Bar Association Project on Minimum Standards for Criminal Justice and a report by its Advisory Committee on the Criminal Trial (November 1967). The rule recommended by the Committee authorizing joinder of offenses (§ 1.1) is substantially identical with R.R. 3:4-7. So, too, as under our rules, defendant's motion for severance normally would have to be made before trial. § 2.1 However, while R.R. 3:5-7 leaves the matter of severance in all cases to the discretion of the trial judge upon a showing of prejudice, the rule relating to severance of offenses recommended by the Advisory Committee (§ 2.2) provides that when the two or more offenses had been joined "solely on the ground that they are of the same or similar character," defendant has an absolute right to a severance on demand and that in other cases, the court may order a severance either upon the application of defendant or the prosecutor if the severance is "deemed appropriate to promote a fair determination of the defendant's guilt or innocence of each offense."