**STATE of Missouri, Plaintiff-Respondent,**

v.

**Kenneth HARRIS, Defendant-Appellant.**

**No. 49885.**

Missouri Court of Appeals, Eastern District, Division Four.

Jan. 7, 1986.

Motion for Rehearing and/or Transfer Denied Feb. 4, 1986.

Application to Transfer Denied March 25, 1986.

Debra Buie Arnold, Asst. Public Defender, St. Louis, for defendant-appellant.

John Munson Morris, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

KELLY, Judge.

Defendant, Kenneth Harris, appeals from a judgment of the Circuit Court of the City of St. Louis convicting him of robbery in the first degree, § 569.020 RSMo 1978 (Counts I, VI, VII), attempted robbery in the first degree, § 564.011 RSMo 1978 (Count IV), assault in the first degree, § 565.050 RSMo 1978 (Count V), and armed criminal action, § 571.015 RSMo 1978 (Count VIII). Defendant was sentenced to the Department of Corrections for a total term of thirty-five years.

Defendant contends on appeal that the trial court abused its discretion in overruling defendant's pretrial motion to sever offenses in that such action denied defendant his right to a fair trial on each of three separate incidents, the court below having tried all three incidents together before one jury. We affirm.

Looking first to the three separate incidents involved, the facts relevant on appeal are as follows:

On July 1, 1983, at approximately 10:30 p.m., a Mr. Joseph Buie was sitting in an automobile parked in front of a Steak & Shake Restaurant. Mr. Buie was waiting for the owner-operator of the automobile who had gone inside the restaurant to get food. Mr. Buie testified at trial that three men approached the car and one of the individuals pointed a gun at his face and ordered him out of the car. Mr. Buie complied with this demand and the three men then got into the car and drove away.

Mr. Buie gave a description of the three men to the police officers who had arrived on the scene immediately following the incident. Mr. Buie viewed a line-up on August 23, 1983 and identified the defendant as the individual with the gun. Mr. Buie also identified the defendant as the gunman at trial.

The next incident occurred on July 19, 1983 at approximately 9:30 p.m. Ms. Donna Henry had placed an order at the drive-up window of a McDonald's Restaurant. While waiting in line for the pick-up two

armed men approached her car, one on each side. The man on the passenger side of the car demanded her money and her necklace. Ms. Henry testified at trial that as she reached up to remove the chain from her neck the man on the passenger side of the car shot her in the shoulder.

Later that night, Ms. Henry gave a description of the two men to the police. Ms. Henry viewed a line-up on August 23, 1983 and identified the defendant as the man who shot her in the shoulder. Ms. Henry also made the same identification of the defendant at trial.

Another incident took place on July 23, 1983 at approximately 1:00 a.m. Mr. Samuel Howard and Ms. Levelle Stevenson, upon leaving the Inter-City Lounge, were returning to Mr. Howard's car. They both noticed two men sitting on a porch located near the car. One of these men then stood on the steps, pointed a gun at Mr. Howard and Ms. Stevenson and announced a hold-up, while the other man came to the car, started frisking them, and taking their valuables. The incident dissipated when a patrol car happened to pass by and the men ran into a nearby gangway. Both Mr. Howard and Ms. Stevenson gave descriptions of the two men to the police officers who had arrived at the scene. Ms. Stevenson was unable to identify the defendant as one of the perpetrators but Mr. Howard identified the defendant as the man standing on the steps with the gun. Mr. Howard made this identification both on August 23, 1983 when viewing a line-up and at trial.

Originally, the state charged the defendant for the above incidents by way of an indictment filed on October 13, 1983. (Two of the counts contained therein, Counts II and III, relate to a fourth incident which is irrelevant to this appeal.) Count I of the indictment dealt with the incident involving Mr. Buie and charged the defendant, acting with others, with robbery in the first degree for stealing a car by use of a deadly weapon.

Count's IV and V relate to the incident involving Ms. Henry. Count IV charged defendant, acting with others, with robbery in the first degree for having pointed a handgun at Ms. Henry, demanding her money and necklace, such conduct being a substantial step toward the commission of the crime of robbery in the first degree. Count V charged the defendant, acting with others, with assault in the first degree for knowingly causing serious physical injury to Ms. Henry by shooting her in the shoulder area.

Counts VI and VII relate to the incident involving Mr. Howard and Ms. Stevenson. Count VI charged defendant, acting with others, with robbery in the first degree for stealing a watch and money from Mr. Howard by use of a deadly weapon. Count VII charged defendant, acting with others, with robbery in the first degree for forcibly stealing a ring from Ms. Stevenson by use of a deadly weapon.

Relating to all three incidents, Count VIII charged defendant, acting with others, with armed criminal action.

The defendant, on December 14, 1983, filed a Motion to Sever Offenses, claiming that "[t]hese offenses are not charged on the face of the indictment as based on the same act or on two or more acts which are part of the same transaction or on two or more acts or transactions which constitute parts of a common scheme or plan." Pursuant to the law at that time said motion was sustained by the trial court on January 12, 1984 and it was ordered that Counts I; Counts II and III; Counts IV, V and VIII; and Counts VII were to be severed and tried as grouped above.

On August 15, 1984, the state filed a Motion to Reconsolidate, pursuant to § 545.140.2 RSMo 1984 (effective August 13, 1984), which sought to "reconsolidate all eight counts of the indictment for trial because all offenses are of the same or similar character." Following the filing of defendant's Memorandum Opposing State's Motion to Reconsolidate Offenses for Trial, the trial court, on September 18, 1984, held that "[t]he state's motion having been taken up, argued and fully considered, there having been no particularized showing of

substantial prejudice to the defendant and in the interest of economy and expedition in judicial administration, and said motion to reconsolidate is SUSTAINED." The prosecuting attorney filed a Substitute Information in Lieu of Indictment on November 8, 1984, which employed substantially the same language as the original indictment.

Upon trial by jury defendant was convicted as charged on all six counts. In accordance with the punishment assessed by the jury, the trial court sentenced the defendant to the Department of Corrections as follows: Count I, ten years; Count IV, five years, said sentence to run consecutively to the term imposed in Count I; Count V, twenty years, said sentence to run consecutively to the sentences imposed under Counts I and IV; Count VI, ten years, said sentence to run concurrently with sentences imposed under Counts I, IV, and V; Count VII, ten years, said sentence to run concurrently with sentences imposed in Counts I, IV, V, and VI; Count VIII, fifteen years, said sentence to run concurrently with sentences imposed in Counts I, IV, V, VI and VII for a total of thirty five years.

■ Defendant's argument that the trial court erred in failing to grant his pre-trial motion to sever offenses presents two distinct points for review. The first issue that must be addressed is whether the offenses were properly joined in the indictment or information. Assuming that proper joinder exists, the second issue is whether the trial court abused its discretion in refusing to sever the offenses and ordering them tried in a single prosecution. The defendant correctly states that the distinction between these two issues is that joinder addresses the more basic question of what crimes can be charged in a proceeding while severance presupposes proper joinder and leaves to the discretion of the trial court the determination of whether prejudice may or would result if charges properly joined were tried together. Joinder is either proper or improper under the law while severance is discretionary. *State v. Smith*, 682 S.W.2d 861, 863[1] (Mo.App.1984).

The current law authorizing the joinder of offenses is § 545.140(2) RSMo 1984, which provides:

Notwithstanding Missouri supreme court rule 24.07, two or more offenses may be charged in the same indictment or information in a separate count for each offense if the offenses charged, whether felonies or misdemeanors or infractions, or any combination thereof, are of the same or similar character or are based on the same act or transaction or on two or more acts or transactions connected together or constituting parts of a common scheme or plan.

Pursuant to the above statute the state's Motion to Reconsolidate was granted in that the motion alledged that Counts I through VIII were all acts of the same or similar character. The state's motion characterized each of these acts as consisting of the defendant and at least one other approaching people, late at night, at gunpoint, while the victims were at their cars, near a public dining place, in order to rob them and escape.

Prior to August 13, 1984, the effective date of § 565.140(2), the only authority which allowed the state to join more than one offense in a single information or indictment was Supreme Court Rule 23.05, which provided:

All offenses that are based on the same act or on two or more acts that are part of the same transactions or on two or more acts or transactions that constitute part of a common scheme or plan may be charged in the same indictment or information in separate counts.

■ Defendant's original Motion to Sever Offenses was granted pursuant to the authority of Rule 23.05. At that time § 545.140(2) had not yet been enacted and the trial court found the more narrow language of Rule 23.05 failed to support joinder of all counts given the facts of the case. Joinder of all the counts became possible with the enactment of § 545.140(2) which expanded the scope of permissible joinder to include acts which are of "the same or similar character." Since this sec-

tion is retroactive it is applicable to this case.[1]

The defendant argues that joinder was improper because the state failed to prove all the counts constituted a common scheme or plan. Even if all of the assertions made in support of this argument were true, the defendant will have failed to establish misjoinder. Although the defendant recognizes the applicability of § 545.-140(2) he has chosen to ignore the new language which is the heart of the enactment and that was the basis for allowing joinder in this case. In short, the defendant has failed to address the true issue of whether the acts in all of the counts were indeed "of the same or similar character."

A determination on whether misjoinder exists requires that this court first ascertain the meaning of the phrase "of the same or similar character" and then decide if the offenses joined come within that definition. Since the statutory language is new necessity dictates that this court consider in its analysis both rules of statutory interpretation and authority from other jurisdictions.

As the state aptly points out in its brief the following rules of statutory interpretation are relevant to this court's task: When interpreting new statutory language, the first rule is to give effect to the intent of the legislature. *State v. Edmisten*, 674 S.W.2d 576, 577[1] (Mo.App.1984). The legislative intent is ascertained from the language of the statute, giving the words their plain and ordinary meaning. *State v. Bachman*, 675 S.W.2d 41, 46[6] (Mo.App. 1984). The legislature is presumed to know the law which it is amending and to have used the particular words in light of the existing legislative and judicial precedent. *State v. Davis*, 675 S.W.2d 410, 415[4] (Mo.App.1984); *State v. Rumble*, 680 S.W.2d 939, 942[4] (Mo., banc 1984). A statute would never be construed in a manner which results in the mooting of the legislative changes since the legislature is never presumed to have committed a useless act. *State v. Bachman*, supra, 1.c. 45[4] (Mo.App.1984). *State v. Swoboda*, 658 S.W.2d 24, 26[2] (Mo., banc 1983).

Applying these principles it is clear to this court that the legislature must have intended to expand the state's authority regarding joinder of offenses. However the question still remains open as to how far the legislature intended this expansion to go. The language of the statute failing to be self-explanatory it is upon this inquiry that it proves most beneficial to see how other jurisdictions with statutory language substantially similar to ours have interpreted the phrase.

The Second Circuit Court of the United States Court of Appeals has taken a very basic approach in attempting to clarify the language as it is incorporated in Federal Rule of Criminal Procedure 8(a).[2] Responding to an appellant's argument that misjoinder had occurred since the two crimes joined were not "of the same or

---

1. Absent a provision in the act itself, section 1.160 is determinative on this point. The saving clause of section 1.160 provides in part:

   *Effect of Repeal of Penal Statute*
   No offense committed and no fine, penalty or forfeiture incurred, or prosecution, commenced or pending previous to or at the time when any statutory provision is repealed or amended, shall be affected by the repeal or amendment, but the trial and punishment of all such offenses, and the recovery of the fines, penalties or forfeitures shall be had in all respects, as if the provision had not been repealed or amended, *except (1) that all such proceedings shall be conducted according to existing laws.* (Emphasis supplied).
   Authority interpreting section 1.160(1) supports the proposition that if trial is begun after a procedural rule is repealed, then the new procedural rule is to be applied. *See State v. Thornton*, 651 S.W.2d 164 (Mo.App.1983). Accordingly, § 545.140(2) applies retroactively to this case since it was an existing criminal procedure statute at the time of defendant's trial.

2. Rule 8 Joinder of Offenses and of Defendants.
   (a) Joinder of Offenses
   Two or more offenses may be charged in the same indictment or information in a separate count for each offense if the offenses charged, whether felonies or misdemeanors or both *are of the same or similar character* or are based on the same act or transaction or on two or more acts or transactions connected together or constituting parts of a *common scheme or plan.* (Emphasis supplied).

similar character" in that one of the crimes did not involve violence whereas the other did, the Second Circuit presented the following analysis:

> ... Rule 8(a) is not limited to crimes of the "same" character but also covers those of "similar" character, which means "[n]early corresponding; resembling in many respects; somewhat alike; have general likeness." Webster's New International Dictionary (2d ed.). As one court has pointed out, requiring "too" precise an identity between the character of the offenses "would fail to give effect to the word 'similar' succeeding the word 'same' and thus violate an elementary rule of statutory construction." *Edwards v. Squier*, 178 F.2d 758, 759 (9 Cir.1949). Cf. *United States v. Weber*, supra, 437 F.2d [327] at 333 [ (3rd Cir. 1970) ]; (... "the mere fact that crimes carry different labels is not determinitive.")

*United States v. Werner*, 620 F.2d 922, 926–927 [4] (2nd Cir.1980).

The *Werner* court then proceeded to summarize and compare factual situations from other cases in which the offenses joined were found to be "of the same or similar character." The court then concluded that pursuant to the standard set by Rule 8(a) joinder in that case had been proper. *Id.* at 927–928.

Federal and state courts alike rely heavily upon the specific facts at hand in determining whether joinder is proper in that the offenses are "of the same or similar character." As in *Werner*, the degree of similarity between offenses in other cases can be used to ascertain what type of facts may be sufficient to come within the scope of this language.

*Pummill v. United States*, 297 F.2d 34 (8th Cir.1961) involved two bank robberies with a dangerous weapon. The robberies occurred almost a year apart. In the first robbery the culprit put the life of a cashier in jeopardy while in the second robbery it was alleged that the vice-president of the bank and other employees were put in jeopardy of their life due to the fact that the culprit was armed. The *Pummill* court found the two offenses properly joined under F.R.Cr.P. 8(a) in that the two offenses were of the same character. *Id* at 35 [1].

In *State v. Baker*, 49 N.J. 103, 228 A.2d 339, 340 (1967) the language contained in New Jersey's joinder statute was specifically noted by the court as borrowed from F.R.Cr.P. 8(a). The offenses joined in *Baker* involved the sale of heroin to a state officer. Since the situations were uncomplicated and the evidence as to each offense was separate and distinct the court found that these offenses were sufficiently of the same or similar character to permit joinder.

*Drew v. United States*, 331 F.2d 85, (D.C.Cir.1964) involved a robbery and an attempted robbery which occurred approximately two and one-half weeks apart. The robberies took place at different stores but both stores belonged to the same dairy products company and were located in essentially the same neighborhood. Both incidents were perpetrated by a black male wearing sunglasses, but it is here that the similarities stop. The sales clerk in the first robbery approached the customer and asked if she could help him, to which he replied: "This is a holdup; I want your money, all of it." When the sales clerk hesitated, he said: "Get it," and pulled a gun part of the way out of his pocket. The clerk gave him the money, and he proceeded to leave the store as another customer entered. In comparison, the scenario of the attempted robbery places a black male entering the store not only in sunglasses but a coat and cap as well (this is of some significance since it was the middle of August at the time). When the sales clerk asked to help him, he asked for a bag of peanuts. The clerk then asked whether he wanted the five or ten cent size, and he replied "five." He then said: "Give me all the money," to which she replied: "If you want it, come and get it." They repeated this exchange several times and he finally said: "You are not going to give me that money?" She replied negatively. A customer then entered the store and the man left hastily.

The D.C. Circuit concluded that the dissimilarities in the above facts resulted in prejudice to the defendant and that separate trials should have been granted. *Id* at 92–94 [12]. Despite its finding that the facts warranted severance the court held at the very beginning of its opinion that joinder under F.R.Cr.P. 8(a) was permissible since the two crimes were similar in nature. *Id* at 87. The decisions in *Werner, Pummill, Baker,* and *Drew* clearly support the proposition that joinder is the rule rather than the exception. In general see, *United States v. Armstrong,* 621 F.2d 951, 954[3] (9th Cir.1980).

■ Based upon the above analysis it is clear that similar tactics are sufficient to constitute acts "of the same or similar character," thus making joinder permissible. Accordingly, this court holds that the state's Motion to Reconsolidate was properly granted in that the offenses joined thereunder involved a similar tactic on the part of the assailants to approach people, late at night, at gunpoint, while the victims were at their cars near a public dining place, so as to rob them and escape.

All of the counts against the defendant having been properly joined, the next step is to determine whether the trial court abused its discretion in refusing to sever the offenses and ordering them tried in a single prosecution. First, we note that the proper standard of review requires that the denial of such a motion be disturbed only upon a clear showing of abuse of discretion. *State v. Shive,* 621 S.W.2d 715, 716[3] (Mo.App.1981); *State v. Decker,* 591 S.W.2d 7, 10[1] (Mo.App.1979). As the state points out, Missouri statutory law is controlling here since the accused has no federal or state constitutional right to be tried on only one offense at a time. *State v. Bextermueller,* 643 S.W.2d 292, 295[9] (Mo.App.1982). The joinder of offenses at trial is governed by § 545.885 RSMo 1984 which provides in part:

> Joint trials for persons jointly charged—exceptions—substantial prejudice defined.

1. Notwithstanding Missouri supreme court rule 24.07, whenever two or more offenses are jointly charged in an indictment or information, the court shall order both or all offenses to be tried together.

2. If it appears that a defendant or the state is substantially prejudiced by a joinder of the offenses for trial, upon a written motion of the defendant or the state *and upon a particularized showing of substantial prejudice,* the court may grant a severance of offenses or provide whatever relief justice requires. For purposes of this section, "substantial prejudice" shall mean a bias or discrimination against the defendant or the state *which is actually existing or real and not one which is merely imaginary, illusionary or nominal.*

(Emphasis supplied).

■ The defendant has on appeal merely reasserted those arguments he made on his memorandum opposing reconsolidation of the charges. The problems the defendant had anticipated as arising from all six counts being tried together were that:

1) The defendant would be confounded in attempting to prepare and present a separate defense to each of the offenses in a trial of all the offenses.

2) The defendant had intended, upon the state's agreement, that Counts IV, V and VII of this cause would be tried first and separately from the other counts, to present an alibi defense. He does not intend to present such a defense in all the other offenses.

3) The defendant had intended to testify on his own behalf in Counts IV, V and VIII of this cause. He does not intend to do so in all the trials of the other offenses.

4) The number of offenses charged and the complexity of the evidence will not allow the trier of fact to distinguish the evidence and apply the law intelligently as to each offense in each count.

However, the above assertions are in and of themselves insufficient to establish prejudice.

We find that the defendant has failed to carry the burden imposed upon him by § 545.885(2). While the defendant contends that he was prejudiced by the trial of all six charges before the same jury he fails to specify any facts which support his assertions. Absent a particularized showing of exactly how the defendant was prejudiced and denied a fair trial there can be no finding of an abuse of discretion on the trial court's part.

CRANDALL, P.J., and PUDLOWSKI, J., concur.