

# Missouri Court of Appeals

## Southern District

### Division One

| | | |
|---|---|---|
| STATE OF MISSOURI, | ) | |
| | ) | |
| Plaintiff-Respondent, | ) | |
| | ) | |
| vs. | ) | No. SD33876 |
| | ) | |
| SCOTT ALAN ST. GEORGE, | ) | **Filed:  August 4, 2016** |
| | ) | |
| Defendant-Appellant. | ) | |

APPEAL FROM THE CIRCUIT COURT OF GREENE COUNTY

Honorable Thomas E. Mountjoy

## AFFIRMED

Scott Alan St. George ("Defendant") appeals from his convictions of one count of first-degree burglary, one count of second-degree burglary, two counts of stealing, one count of identity theft, and one count of forgery.  Defendant argues the trial court erred in granting the State's motion to consolidate the charges into one case for trial.  Defendant's argument is without merit, and his convictions and sentences are affirmed.

## Factual and Procedural Background

Katy St. George ("Katy")[1] has six children, one of whom is Defendant. Katy has owned St. George's Donut Shop since 1971. At the time of the events giving rise to this case, Defendant had no role in the doughnut business, and Katy and Defendant no longer had any type of relationship. Defendant did not have permission to be at Katy's home nor on the business premises of the doughnut shop.

On August 30, 2012, Katy closed the doughnut shop in the afternoon. As was her custom, she left approximately $250 in the cash register to start the next morning's business. When she returned to the shop the next morning, the security bar across the back door was missing, and the register was empty. Surveillance footage from the night before showed Defendant walking through the store and rummaging in the cash register.

On September 8, 2012, at about six a.m., Defendant's brother Anthony St. George ("Anthony") visited Katy at the shop and told Katy he believed Defendant was going to break into her home. Katy went home and encountered Defendant running down the hall towards her from the direction of her bedroom. Approximately $150 was missing from her bedroom, and the sliding door to the patio had been taken off its rails.

Later in 2012, Defendant obtained a photo ID with his own picture but with the identifying information of his brother, Kevin St. George ("Kevin"). During November and December, 2012, Defendant used the fake photo ID to

---

[1] First names are used because many of the people involved in this case have the same last name. No disrespect is intended.

cash several checks on Kevin's personal account. In all, Defendant obtained $19,600 from Kevin's personal checking account.

For these events, Defendant was charged with six criminal counts in three cases. The prosecution filed a motion to join the cases for trial because the cases all involved offenses against Defendant's mother, Katy, or his brother, Kevin, and the offenses all occurred within the same four-month time period. After a hearing at which both parties presented argument, the trial court granted the motion.

Defendant had a jury trial on January 13, 2015, through January 15, 2015. The jury found Defendant guilty as charged. This appeal followed.

## Discussion

In his sole point on appeal, Defendant argues the trial court erred in granting the motion to consolidate because:

> the burglary and stealing against Katy . . . were improperly joined with the burglary and stealing against St. George's Donuts . . . and the identity theft and forgery against Kevin . . . in that the charges related to Katy and the Donut Shop were not part of the same transaction, a common scheme or plan, or of the same or similar character as the charges related to Kevin[.]

Defendant's argument is without merit.

Appellate review of questions of joinder and severance involves a two-step process. *State v. Smith*, 389 S.W.3d 194, 208 (Mo. App. S.D. 2012). The first question is whether joinder was proper. *Id.* The question of whether a trial court properly ordered joinder of offenses is a matter of law. *Id.* "If joinder was not proper, then prejudice is presumed from a joint trial and severance of the charges is mandatory." *Id.* However, "[o]nce a finding is made that joinder is proper, the

3

trial court's decision will not be reversed absent a showing of both an abuse of discretion and a clear showing of prejudice." ***Id.***

"There is, strictly speaking, no constitutional right to be tried for one offense at a time." ***State v. Holliday***, 231 S.W.3d 287, 293 (Mo. App. W.D. 2007). Additionally, "joinder is the rule rather than the exception." ***State v. Harris***, 705 S.W.2d 544, 550 (Mo. App. E.D. 1986). "Liberal joinder of offenses is favored in Missouri as a means of achieving judicial economy when joinder can be accomplished consistent with lawful considerations." ***Holliday***, 231 S.W.3d at 293.

"Joinder of offenses is governed by Rule 23.05 and [S]ection 545.140.2."[2] ***Id.*** Under Rule 23.05:

> All offenses that are of the same or similar character or based on two or more acts that are part of the same transaction or on two or more acts or transactions that are connected or that constitute parts of a common scheme or plan may be charged in the same indictment or information in separate counts.

Rule 23.05. Under Section 545.140:

> two or more offenses may be charged in the same indictment or information in a separate count for each offense if the offenses charged, whether felonies or misdemeanors or infractions, or any combination thereof, are of the same or similar character or are based on the same act or transaction or on two or more acts or transactions connected together or constituting parts of a common scheme or plan.

§ 545.140.2. "[J]oinder is appropriate where any of the Section 545.140.2 or Rule 23.05 criteria exist." ***State v. McDonald***, 321 S.W.3d 313, 318 (Mo. App. S.D. 2010) (quoting ***State v. Love***, 293 S.W.3d 471, 475-76 (Mo. App. E.D. 2009));

---

[2] All rule references are to Missouri Court Rules (2016). All statutory references are to RSMo (2000).

*see also* ***State v. McKinney***, 314 S.W.3d 339, 341 (Mo. banc 2010); ***State v. Bechhold***, 65 S.W.3d 591, 595 (Mo. App. S.D. 2002).

Joinder was appropriate in this case under the criteria that the crimes were "of the same or similar character."  In this context, the term "similar" has been defined to mean "[n]early corresponding; resembling in many respects; *somewhat alike*; have general likeness." ***Harris***, 705 S.W.2d at 549 (emphasis added) (quoting ***U.S. v. Werner***, 620 F.2d 922, 926 (2nd Cir. 1980)). Moreover, "requiring 'too' precise an identity between the character of the offenses 'would fail to give effect to the word "similar" succeeding the word "same" and thus violate an elementary rule of statutory construction.'" ***Id.***  That is, "identical tactics are not required." ***State v. Nichols***, 200 S.W.3d 115, 119 (Mo. App. W.D. 2006).  "The similarities may relate to the types of offenses committed, *the types of victims targeted*, the location where the offenses occurred, and the proximity in time." ***Id.*** (emphasis added).  In several Missouri cases, appellate courts have found that counts were properly joined as similar in character where the crimes were of the same general category and the crime victims were all members of the defendant's family. ***Holliday***, 231 S.W.3d at 295; ***State v. Kelley***, 953 S.W.2d 73, 79 (Mo. App. S.D. 1997).

Here, each of the crimes had a financial motive.  The first four offenses—two counts of burglary and two counts of theft—stemmed from Defendant's acts of breaking into his mother's business and his mother's home to steal money. The last two offenses—identity theft and forgery—involved Defendant obtaining large sums of money using a fake photo ID involving his brother's identity. Furthermore, the crimes all involved victims who were closely related to

5

Defendant. The first pair of crimes victimized the business owned by Defendant's mother, the second pair of crimes victimized Defendant's mother herself, and the final pair of crimes victimized Defendant's brother. There was no error in joining the offenses because they were all of a similar nature and they were all committed against similar family victims.

Next, the Court must consider whether the trial court abused its discretion in failing to sever the charges. *Smith*, 389 S.W.3d at 208. A defendant must "make 'a particularized showing of substantial prejudice' in order to obtain a severance." *McDonald*, 321 S.W.3d at 320 (quoting Rule 24.07(b)). However, here, Defendant relies on the presumption of prejudice arising from improper joinder. In such cases, the appellate court may dispense with analysis of the issue of prejudice. *See Nichols*, 200 S.W.3d at 119 (finding a claim of severance abandoned and declining to review it where the defendant did not "offer any support in his argument section regarding severance").

## Decision

Defendant's convictions and sentences are affirmed.


MARY W. SHEFFIELD, C.J. – OPINION AUTHOR

DANIEL E. SCOTT, P.J. – CONCURS

JEFFREY W. BATES, J. – CONCURS


6