STATE of Missouri, Plaintiff-Respondent,

v.

Eric CLARK, Defendant-Appellant.

No. 51561.

Missouri Court of Appeals, Eastern District, Division Three.

April 7, 1987.

Motion for Rehearing and/or Transfer Denied May 12, 1987.

Application to Transfer Denied June 16, 1987.

David Hemingway, St. Louis, for defendant-appellant.

William L. Webster, Atty. Gen., Colly Frissell-Durley, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

CRANDALL, Judge.

Defendant, Eric Preston Clark, was charged in a seventeen count indictment. Counts I through XI related to occurrences on May 14, 1985, in which it was alleged that defendant forced his way into an apartment at gunpoint, robbed six persons in the apartment, and raped, sodomized and sexually abused one of the women. Counts XII through XV related to an incident on May 27, 1985, at approximately 1:00 a.m. in which it was alleged that defendant forced his way into an automobile and robbed, raped and sodomized the woman driver. Counts XVI and XVII arose out of his arrest at 4:00 a.m. on May 27 in which defendant was charged with possession of a controlled substance and unlawful possession of a concealable firearm. Prior to trial the State dismissed Counts XVI and XVII. Upon a trial by jury, defendant was found guilty on Counts I through XI. He was found not guilty on Counts XII through XV. He was sentenced as a prior and persistent offender to consecutive terms of imprisonment of 30 years on each of six counts of robbery first degree, one count of forcible rape, one count of forcible sodomy, one count of burglary first degree, one count of armed criminal action, and 15 years on one count of sexual abuse first degree for a total of 315 years. This appeal ensues. We affirm.

At approximately 1:00 a.m. on May 14, 1985, T.D. returned with her dog to her apartment which she shared with four other women. A man with a gun accosted her at her back stairs and forced his way into the apartment. Defendant tied or otherwise subdued five of the women and one woman's brother, who was staying at the apartment. Defendant pointed a gun at one of the women, R.C., threatened her and ordered her to take off her clothes. He then subjected her to sexual abuse, anal sodomy, and rape. After robbing the occupants defendant left the apartment.

The second incident occurred at approximately 1:00 a.m. on May 27, 1985 within one-half mile of the location of the first incident. G.B. was in her car stopped at an intersection when a man entered the car head first through her open window. He forced G.B. to submit to anal and oral sodomy, raped her, and robbed her.

Approximately three hours later, after hearing the radio broadcast regarding the rape of G.B., Officer George Jonas saw the defendant standing next to a parked automobile. The officer detained defendant, frisked him, and discovered a bottle containing a controlled substance. Officer Jonas then placed the defendant under arrest and after searching him found the keys to the automobile. The officer then searched the automobile and found a loaded revolver.

Defendant first contends that the trial court erred in denying his motion to sever Counts I through XI from Counts XII through XV. He argues improper joinder and prejudicial denial of severance.

The first issue to be addressed is whether the crimes were properly joined in same the indictment. Assuming proper joinder the second issue is whether the trial court abused its discretion in refusing to sever the offenses. *State v. Harris,* 705 S.W.2d 544, 547 (Mo.App.1986). Joinder is either proper or improper under the law while severance is addressed to the discretion of the trial court. *Id.* For joinder to be proper, the manner in which the crimes were committed should be so similar that it is likely that the same person committed all the charged offenses.

A defendant in a criminal case does not have a federal or state constitutional right to be tried on only one offense at a time. *State v. Bextermueller,* 643

S.W.2d 292, 295 (Mo.App.1982). Liberal joinder of criminal charges is favored in order to achieve judicial economy. *State v. Smith,* 682 S.W.2d 861, 863 (Mo.App.1984). In determining whether joinder is proper, we consider only the State's evidence. *Id.*

The Missouri statute authorizing the joinder of offenses is § 545.140(2) RSMo 1986, which provides:

> 2. Notwithstanding Missouri supreme court rule 24.07, two or more offenses may be charged in the same indictment or information in a separate count for each offense if the offenses charged, whether felonies or misdemeanors or infractions, or any combination thereof, are of the *same or similar character* or are based on the same act or transaction or on two or more acts or transactions connected together or constituting parts of a common scheme or plan. (emphasis added).

Since only one of the above criteria is necessary to support proper joinder, we focus our attention on the "same or similar character" language.

■■■ Similar tactics are sufficient to constitute acts "of the same or similar character." *Harris,* 705 S.W.2d at 550. The addition of this language to the statute indicates the legislature's intent to expand the State's authority regarding joinder. *Id.* at 548. In addition, courts have construed Federal Rule of Criminal Procedure 8(a), which also contains the "same or similar character" language, as authorizing joinder of crimes which are "[n]early corresponding; resembling [each other] in many respects; [or] somewhat alike." *United States v. Werner,* 620 F.2d 922, 926–27 (2d Cir.1980). In order to determine whether misjoinder exists, we must decide, according to the specific facts of each case, whether joinder is proper in that the offenses are "of the same or similar character." *Harris,* 705 S.W.2d at 549.

In the case, *sub judice,* both sets of charges refer to the same types of violent crimes—rape, sodomy, and robbery. Both sets of offenses involved the similar tactic

of approaching the victims at 1:00 a.m., within a short period of time, and in generally the same geographic area. The assailant then sodomized and raped a single female and then robbed his victims. In both sets of offenses anal sodomy was involved prior to the rape. In both incidents the victims of the sex offenses were required to completely disrobe. In the first incident the assailant used a blindfold on some of the robbery victims; in the second incident, the assailant used a blindfold on the victim. In both incidents, the victims were repeatedly threatened and the perpetrator attempted to wipe off his fingerprints from the crime scene.

■■■ We acknowledge that there are some dissimilarities between the two incidents. In the first incident a pistol was used; in the second incident the victim was also forced to perform oral sodomy. The first incident occurred in an apartment, the second in an automobile. There are other dissimilarities. Identical tactics are not required however. Tactics which resemble or correspond in nature are sufficient to support joinder. Here the similarities are sufficient to put the assailant's signature on both incidents. We therefore hold that joinder was proper.

The next question is to determine whether the trial court abused its discretion in refusing to sever the offenses.[1] Consideration of that issue presupposes proper joinder. The denial of the defendant's motion will only be disturbed by a clear showing of an abuse of discretion. *Harris,* 705 S.W.2d at 550.

Defendant relies on § 545.885 RSMo 1986 which provides, *inter alia,* that the court may grant a severance "upon a particularized showing of substantial prejudice." "Substantial prejudice" is defined as "a bias or discrimination against the defendant or the state which is *actually existing or real* and *not one which is merely imaginary, illusionary or nominal.*" (emphasis added).

■■■ In deciding whether to grant a motion to sever, the trial court must weigh

---

1. Rule 24.07 provides:

When a defendant is charged with more than one offense in the same indictment or informa-
tion, such offense *may be tried jointly or separately in the discretion of the court.* (emphasis added).

the benefits of trying the offenses simultaneously and thereby saving judicial time against the potential prejudice to the defendant. *State v. Sanders*, 714 S.W.2d 578, 585 (Mo.App.1986). In assessing prejudice, the court should consider, among other relevant factors, the number of offenses charged, the complexity of the evidence to be offered and whether the trier of fact is able to distinguish the evidence and apply the law intelligently to each offense. *Id.*

The evidence in this case was not complex. It consisted primarily of the victims' direct testimony. The elements of each offense were clearly set out in the instructions. The jury was read MAI–CR2d 2.70 which instructed them to consider each offense separately. There is nothing in the record to indicate that the jury was unable to distinguish the evidence or properly apply the law to each offense.

 Defendant argues that the jury was prejudiced by the evidence because of the "highly charged [and] emotional" nature of the sexual offenses. He has failed to allege, much less show, how he suffered "actually existing or real prejudice" in light of the fact that he was found *not guilty* on Counts XII through XV. The vague assertions on appeal are insufficient to establish prejudice. We find that the defendant has not carried the burden imposed upon him by § 545.885(2). Absent a particularized showing of exactly how the defendant was prejudiced there can be no finding of an abuse of discretion on the trial court's part. *Harris*, 705 S.W.2d at 551. We do not decide what the result on appeal might have been if the defendant had been found guilty of some or all of Counts XII through XV. Defendant's point one is denied.

Defendant next contends that the trial court erred in permitting evidence of the gun seized by Officer Jonas from the automobile and subsequent identification of the defendant because this evidence was tainted as a result of an illegal search and seizure.

A similar issue was addressed in *State v. Johnson*, 702 S.W.2d 65 (Mo. banc 1985). In *Johnson*, the police conducted a pat-down search of the defendant in early morning hours in the same area where seven rapes had recently been committed. The defendant closely matched the description of the rapist being sought. The defendant contended there was neither probable cause to arrest nor probable cause to search and the evidence seized should have been suppressed because it was the product of a constitutionally defective search and seizure.

Under certain circumstances it is constitutionally permissible for police to stop persons they encounter on less than full probable cause. *Terry v. Ohio*, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968). "[I]f police have a reasonable suspicion, grounded in specific and articulable facts that a person they encounter was involved in or is wanted in connection with a completed felony, then a *Terry* stop may be made to investigate that suspicion." *Johnson*, 702 S.W.2d at 72, quoting *United States v. Hensley*, 469 U.S. 221, 105 S.Ct. 675, 83 L.Ed.2d 604 (1985).

 In this case, police officer Jonas testified that the defendant matched the description of a "suspect [who was] wanted for a rape...." When observed by Officer Jonas, defendant was standing within half a mile of the area where the G.B. rape had occurred three hours earlier. Based upon the facts available to him at the time, Officer Jonas had a reasonable suspicion that the defendant was the person wanted for rape. *See State v. McCabe*, 708 S.W.2d 288, 290 (Mo.App.1986). Given the violent nature of the crime, the officer would have been derelict in his duty if he had not searched the defendant. This intrusion upon defendant's right to be secure in his person and things, when balanced against the government's strong interest in apprehending a rapist, appears wholly reasonable and closely tied to the circumstances surrounding the initial stop. *Johnson*, 702 S.W.2d at 72.

 In addition, defendant has no standing to complain about the search of the automobile. A defendant must have a legitimate expectation of privacy in the place or thing searched in order to assert an infringement of his constitutional rights. A defendant has the burden of establishing his rights were in fact violated

by the challenged search and seizure. *State v. Eidson,* 701 S.W.2d 549, 553 (Mo. App.1985). Defendant told Officer Jonas that the car belonged to a friend of his named "Squeeky." Evidence later revealed the automobile was in fact stolen. A person who is aggrieved by an illegal search and seizure only through the introduction of physical evidence secured by the search of a *third person's premises or property* has not had an infringement of Fourth Amendment rights. *Eidson,* 701 S.W.2d at 553. (emphasis added). Defendant's second point is denied.

Defendant's last point attacks the procedure used in the out-of-court identification of the defendant by three of the victims at the apartment. Defendant contends that these procedures were unduly suggestive thereby tainting the subsequent in-court identifications. An extended opinion on this point would have no jurisprudential value. The point is denied pursuant to Rule 30.25(b).

The judgment of the trial court is affirmed.

PUDLOWSKI, P.J., and KAROHL, J., concur.