STATE of Missouri,
Plaintiff–Respondent,

v.

Roosevelt HOLMES,
Defendant–Appellant.

No. 53686.

Missouri Court of Appeals,
Eastern District,
Division Four.

June 30, 1988.

Mary Clare McWilliams, Anne C. Buechler, Asst. Public Defenders, St. Louis, for defendant-appellant.

William L. Webster, Atty. Gen., William J. Swift, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

CRANDALL, Judge.

Defendant, Roosevelt Holmes, appeals his convictions, after a jury trial, of two counts of second degree robbery. Defendant was sentenced as a prior offender for these convictions and an unrelated conviction to a total of 27 years' imprisonment. We affirm.

On appeal, defendant claims the trial court erred: (1) in permitting improper joinder of the two offenses or, in the alternative, in denying defendant's motion for severance; and (2) in overruling defendant's motion to suppress identification testimony.

At approximately 2:00 a.m. on January 24, 1987, Harry Winn, a cab driver, picked

up defendant and Loretta Greer in front of a lounge on Laclede's Landing. Greer sat in the front seat and the defendant sat in the back seat. When the cab reached its destination, the defendant grabbed Winn from behind and sprayed mace in his face. Greer tried to pull Winn's pants down in order to search for money. Defendant tore the money out of Winn's shirt pocket. During the course of the struggle, two marked police cars arrived. When Officers Boone and Brown approached the cab, they observed the defendant and Greer striking Winn. As Officer Boone pulled the defendant out of the cab, he noticed that the defendant dropped a can of mace. Defendant and Greer were placed under arrest. Winn was taken to Barnes Hospital for treatment of his eyes.

At approximately midnight on January 11, 1987, Henry Hill, a cab driver, picked up defendant and Greer while parked in the 4900 block of Natural Bridge. Greer sat in the front seat and the defendant sat in the back seat. When the cab arrived at its destination, the defendant grabbed Hill from behind and sprayed mace in his face. Greer took approximately two hundred dollars from Hill's shirt pocket. Both suspects then exited the cab. Hill went to a restaurant and asked an employee to call the police. Hill was taken to Barnes Hospital for treatment of his eyes.

Later, Hill viewed a photo array and a lineup. On both occasions he identified defendant as the perpetrator of the robbery. At trial, both Hall and Winn positively identified defendant and Greer.

Defendant first claims the trial court erred in permitting improper joinder of the two offenses or, in the alternative, in denying defendant's motion for severance. Both are distinct issues for review. Joinder is either proper or improper under the law while severance is discretionary. *State v. Harris*, 705 S.W.2d 544, 547 (Mo.App. 1986). Severance presupposes proper joinder. *Id.*

Defendant failed to raise the issue of joinder at trial or in his motion for new trial. That point is therefore not preserved for appellate review. We review the issue *ex gratia* and find that the facts in the record clearly establish acts of a similar character or acts constituting parts of a common scheme or plan. *See* Rule 23.05. Joinder was therefore proper.

We next consider the trial court's denial of defendant's motion to sever the offenses. Rule 24.07 provides:

When a defendant is charged with more than one offense in the same indictment or information, the offenses shall be tried jointly unless the court orders an offense to be tried separately. An offense shall be ordered to be tried separately only if:

(a) A party files a written motion requesting a separate trial of the offense;

(b) A party makes a particularized showing of substantial prejudice if the offense is not tried separately; and

(c) The court finds the existence of a bias or discrimination against the party that requires a separate trial of the offense.

In deciding whether to grant a motion for severance, the trial court must weigh the benefits of trying the offenses simultaneously and thereby saving judicial time against the potential prejudice to the defendant. *State v. Clark*, 729 S.W.2d 579, 582–583 (Mo.App.1987). The denial of the defendant's motion will only be disturbed by a clear showing of an abuse of discretion. *Id.* at 582. To show an abuse of discretion, defendant would have to show that the failure to grant a severance resulted in substantial prejudice. *State v. Smith*, 735 S.W.2d 41, 45 (Mo.App.1987). Section 545.885.2, RSMo (1986) defines substantial prejudice as bias or discrimination against the defendant or the State which is actually existing or real and not one which is merely imaginary, illusionary or nominal. In assessing prejudice, the court should consider the number of offenses charged, the complexity of the evidence offered and the ability of the jury to distinguish the evidence and apply the law intelligently to each offense. *State v. Sanders*, 714 S.W. 2d 578, 585 (Mo.App.1986).

Defendant argues that he suffered substantial prejudice because the evidence surrounding the January 24, 1987 robbery was much stronger than the evidence surrounding the January 11, 1987 robbery, thereby preventing the jury from distinguishing the evidence and applying the law intelligently to each offense and leading them to a conviction based upon evidence of another crime.

There was no substantial prejudice in trying defendant's offenses together because only two offenses were charged, the evidence offered was not complex, and there was no reason to believe the jury could not distinguish the evidence and legal principle applicable to each offense. *Id.* The jury received instructions that set out the elements of the crimes and was told to consider each offense independent of the other. There is nothing in the record to indicate that the jury was unable to distinguish the evidence or to properly apply the law to each offense. *Clark*, 729 S.W.2d at 583.

The record shows that the same method of operation was used in each of the cab robberies. Both cab drivers were approached late at night. The female sat in the front of the cab while the male sat in the back seat. When they arrived at their destination the male grabbed the cab driver from behind and sprayed mace in his face while the female searched the driver for money. The female, in both robberies, ripped out the cab's radio meter wires. The evidence of either offense would have been admissible in a separate trial of the other to show a common scheme or plan. *State v. Warren*, 717 S.W.2d 231, 233 (Mo. App.1986).

Absent a particularized showing of exactly how the defendant was prejudiced there can be no finding of an abuse of discretion by the trial court. *Clark*, 729 S.W.2d at 583. Defendant's first point is denied.

Defendant's second point claims the trial court erred in overruling defendant's motion to suppress identification testimony. After a review of the record, we conclude that a written opinion on that issue would serve no jurisprudential purpose. Defend-ant's second point is denied pursuant to Rule 30.25(b).

The judgment of the trial court is affirmed.

SIMON, P.J., and GRIMM, J., concur.