**STATE of Missouri,
Plaintiff–Respondent,**

v.

**Dwight FOWLER, Defendant–Appellant.**

**No. 53715.**

Missouri Court of Appeals,
Eastern District,
Division One.

July 26, 1988.

Motion for Rehearing and/or Transfer to Supreme Court Denied Aug. 31, 1988.

Application to Transfer Denied
Oct. 18, 1988.

Nancy A. McKerrow, Columbia, for defendant-appellant.

William L. Webster, Atty. Gen., Jared Richard Cone, Asst. Atty. Gen., Jefferson, for plaintiff-respondent.

CRANDALL, Judge.

Defendant, Dwight Fowler, appeals his convictions, after a jury trial, of two counts

of robbery and one count of armed criminal action. Defendant was sentenced to a total term of imprisonment of 30 years. We affirm.

On appeal, defendant claims the trial court erred: (1) in failing to quash the jury panel after the State used five of its six peremptory challenges to strike black venirepersons from the jury panel; and (2) in denying defendant's motion to sever the offenses.

On the evening of October 22, 1986, two black males in their early twenties entered the Domino's Pizza on South 9th Street in the City of St. Louis. One of the men, wearing a black leather jacket, displayed a revolver and threatened the lives of the Domino's employees if they did not open the safe. The robbers fled with $900.

On the evening of October 28, 1986, four black males entered the Buy–Low Market on 3436 North Union in the City of St. Louis. One man, wearing a black leather jacket, pointed a gun at Juma Aziz, an employee, and threatened to kill Aziz if he didn't give him money. Another man pointed a gun at Adam Aziz, an employee, and demanded the keys to the store safe. Unable to open the safe, the robbers took money from the cash registers, several bottles of rum and some jewelry. Juma and Adam positively identified the defendant as the gunman wearing the black leather jacket. The defendant confessed to committing both robberies.

Defendant first claims the trial court erred in failing to quash the jury panel after the State used five of its six peremptory challenges to strike black venirepersons from the jury panel.

■ Defendant challenges the prosecutor's use of peremptory strikes on the grounds of purposeful discrimination. The record discloses that three blacks actually served on the jury and that the three alternates were black. Defendant is a black male.

*Batson v. Kentucky,* 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986) provides the guidelines by which a defendant can prove purposeful discrimination. *State v.*

*Antwine,* 743 S.W.2d 51 (Mo. banc 1987), provides guidance to trial courts in deciding *Batson* issues and defines the appropriate standard of appellate review of *Batson* questions. Both *Batson* and *Antwine* have been discussed at length in numerous recent Missouri appellate opinions. We therefore decline to repeat the in-depth analysis set forth in those cases. *See, e.g., State v. Hood,* 745 S.W.2d 785 (Mo.App. 1988), *State v. Jones,* 748 S.W.2d 898 (Mo. App.1988).

The burden is on the defendant to prove the existence of purposeful discrimination. *Batson,* 106 S.Ct. at 1721. A finding by the trial judge of discrimination or no discrimination is a finding of fact. *Antwine,* 743 S.W.2d at 66. On appeal that finding will not be set aside unless it is found to be clearly erroneous. *Id.*

The trial court found the State's reasons for its peremptory strikes were neutral, detached and valid. The defendant made no attempt to establish that the State's reasons were pretextual. The trial court found the State's reasons were not racially motivated and nothing in the record persuades us that the finding was clearly erroneous. Defendant's first point is denied.

■ We next consider the trial court's denial of defendant's motion to sever the offenses. Rule 24.07 provides:

When a defendant is charged with more than one offense in the same indictment or information, the offenses shall be tried jointly unless the court orders an offense to be tried separately only if:

(a) A party files a written motion requesting a separate trial of the offense;

(b) A party makes a particularized showing of substantial prejudice if the offense is not tried separately; and

(c) The court finds the existence of a bias or discrimination against the party that requires a separate trial of the offense.

In deciding whether to grant a motion for severance, the trial court must weigh the benefits of trying the offenses simultaneously and thereby saving judicial time against the potential prejudice to the defendant. *State v. Clark,* 729 S.W.2d 579,

582–583 (Mo.App.1987). The denial of the defendant's motion will only be disturbed by a clear showing of an abuse of discretion. *Id.* at 582.

Our review of the record reveals no abuse of trial court discretion in denying defendant's motion for severance. Only three offenses were charged, the evidence offered was not complex, and there was no reason to believe the jury could not distinguish the evidence and legal principle applicable to each offense. *State v. Sanders,* 714 S.W.2d 578, 585 (Mo.App.1986). The jury received instructions that set out the elements of the crimes and was told to consider each offense independent of the other. There is nothing in the record to indicate that the jury was unable to distinguish the evidence or to properly apply the law to each offense. *Clark,* 729 S.W.2d at 583. Absent a particularized showing of exactly how the defendant was prejudiced there can be no finding of an abuse of discretion by the trial court. *Id.* Defendant's second point is denied.

The judgment of the trial court is affirmed.

REINHARD and CRIST, JJ., concur.