**134**

STATE of Missouri, Respondent,

v.

Regina SMITH, Appellant.

No. ED 76707.

Missouri Court of Appeals,
Eastern District,
Division Five.

Oct. 17, 2000.

Motion for Rehearing and/or Transfer to
Supreme Court Denied Nov. 29, 2000.

Rosalynn Koch, Asst. Public Defender, Columbia, for appellant.

Robert P. McCulloch, Pros. Atty., Karen Ann Murphy, Asst. Pros. Atty., Clayton, for respondent.

CHARLES B. BLACKMAR, Senior Judge.

Regina Smith (the defendant) was employed as a youth specialist at Missouri Hills, a rehabilitation center for juvenile offenders. A jury found her guilty of first degree sexual misconduct, a Class A misdemeanor, under an instruction requiring the jury to find that the defendant "touched the genitals of [K.T.], . . . for the purpose of gratifying her own sexual desire." The jury found her not guilty on another charge of first degree sexual misconduct allegedly committed against K.T. and on two other charges of the same offense involving other individuals. She appeals, asserting two points of error, one challenging the exclusion of certain testimony by K.T. and the other contesting the wording of the verdict directing instructions. We affirm.

The defendant's first point is easily disposed of. While cross-examining the victim, K.T., defendant's counsel asked him whether he had told "the staff" that he had a sexually transmitted disease. The state's objection was sustained, and defense counsel then asked whether he had ever told anybody that he had such a disease. Objection was likewise sustained.

The defendant claims that the court erred in sustaining these objections because, had the defendant known that K.T. had such a disease, it would be unlikely that she would have touched his genitals or attempted to masturbate him. The showing, counsel asserts, would affect his credibility.

■ A trial court has wide latitude to limit cross-examination due to "concerns about prejudice, confusion of the issues, and interrogation that is only marginally relevant." *State v. Langston*, 889 S.W.2d 93, 98 (Mo.App.1994).

We find the trial court did not abuse its broad discretion in sustaining the objections. The questions did not inquire as to the defendant's knowledge of any disease that the victim was suffering from, and there is absolutely no evidence that she had any such knowledge. She took the stand but her counsel did not ask her whether she knew anything about K.T.'s having a sexually transmitted disease. Unless she had such knowledge, there is no foundation for counsel's suggested argument.

■ In her second point the defendant asserts plain error in the verdict directing instruction on Count II, which reads as follows:

As to Count II, if you find and believe from the evidence beyond a reasonable doubt:

First, that between August 1, 1997 and August 22, 1997, in the County of St. Louis, State of Missouri, the defendant touched the genitals of [K.T.], and

Second, that she did so for the purpose of gratifying her own sexual desire, and

Third, that the defendant did so without the consent of [K.T.], and then you will find the defendant guilty under Count II of sexual misconduct in the first degree.

However, unless you find and believe from the evidence beyond a reasonable doubt each and all of these propositions, you must find the defendant not guilty of that offense.

If you do find the defendant guilty under Count II of sexual misconduct in the first degree, you will assess and declare one of the following punishments:

1. Imprisonment in the county jail for a term fixed by you, but not to exceed one year.

2. Imprisonment in the county jail for a term fixed by you, but not to exceed one year and in addition a fine, the amount to be determined by the Court.

3. No imprisonment but a fine, in an amount to be determined by the Court.

The maximum fine which the Court may impose is $1,000.

The instruction on Count III, on which the jury found the defendant not guilty, was absolutely identical, except for the reference to the different count. The defendant argues that these instructions constitute "plain error," because there is no assurance that all jurors found the defendant guilty of the same incident of sexual misconduct. The evidence revealed that, while the two incidents involving K.T. occurred at the same address, they occurred on separate dates in different places, one in K.T.'s bunk bed at the cottage and one next to the dayroom of the cottage.

The defendant's problem at this point is that there was no objection to either instruction at the instruction conference preceding argument and submission. Rule 28.03 provides in pertinent part as follows:

Counsel shall make specific objections to instructions or verdict forms considered erroneous. No party may assign as error the giving or failure to give instructions or verdict forms unless the party objects thereto before the jury retires to consider its verdict, stating distinctly the matter objected to and the grounds of the objection.... The objections must also be raised in the motion

for new trial in accordance with Rule 29.11.

The defendant likewise made no complaint about these instructions in her motion for new trial. It is appropriate to observe that, under Rule 28.03, the inclusion of an objection in a motion for new trial avails the defendant nothing if the required objections have not been made before the jury retires. Their inclusion in the motion for new trial is an additional requirement, and compliance is especially necessary when a defendant asserts plain error.

Rule 28.03 serves the salutary purpose of preventing sandbagging, by requiring counsel to present objections to instructions at a time when the trial court is able to make corrections shown to be appropriate. No longer may counsel stand by silently, and then, if the verdict is adverse, seek a new trial because of alleged error in instructions which has not been asserted earlier. *State v. Martindale*, 945 S.W.2d 669, 673 (Mo.App. E.D.1997). Counsel are obliged to study tendered instructions carefully and the court should allow reasonable time to study the submissions. It is logical to assume that, if counsel familiar with the case cannot perceive infirmities in instructions, then the chance that the jury would be affected by them is minimal.

We have no hesitation in saying that the prosecution should have made it clear that the two instructions applied to different incidents. This could have been accomplished simply by including more detail as to the location of each offense. But the instructions are legally correct and, if the point had been timely raised, the court would have undoubtedly complied with a request for clarification. We consider the appellant's suggestion that some jurors might have had one touching in mind when voting for guilt on Count II, while other jurors found a different touching, highly unlikely. What is much more probable is that the jurors discussed each incident separately and found guilt on the only touching all of them agreed to. The par-

ties have cited cases involving similar infirmities, but we do not consider them in detail because of the defendant's failure to comply with Rule 28.03. The defendant, having failed in this respect, does not persuade us that there is plain error requiring us to excuse her failure to comply with the governing rule. *State v. Ferguson*, 20 S.W.3d 485, 498 (Mo. banc 2000), petition for certiorari pending.

The judgment is affirmed.

HOFF, C.J., and CRANE, J., concur.