STATE of Missouri, Respondent,

v.

Tommie L. COLLINS, Appellant.

WD 78993

Missouri Court of Appeals,
Western District.

OPINION FILED: August 29, 2017

Joshua D. Hawley, Attorney General, and Mary H. Moore, Assistant Attorney General, Jefferson City, MO, Attorneys for Respondent.

Susan L. Hogan, Appellate Defender, Kansas City, MO, Attorney for Appellant.

Before Division Two: Edward R. Ardini, Jr., Presiding Judge, and Karen King Mitchell and Anthony Rex Gabbert, Judges

Karen King Mitchell, Judge

Tommie Collins appeals, following a jury trial, convictions of four counts of first-degree statutory sodomy, § 566.062,[1] and one count of possession of a controlled substance, § 195.202, for which he was sentenced, as a persistent offender, to concurrent fifteen-year terms of imprisonment for each statutory sodomy count and a consecutive term of ten years imprisonment for the possession count. Before trial, Collins unsuccessfully sought to sever the possession charge . from the ' sodomy charges. He now appeals the trial court's refusal to sever. Finding no error, we affirm.

## Background

On February 29, 2012, Victim J.M.—who was then six years old—was referred to her school counselor after her teacher overheard J.M. telling some classmates that they could not come over to her house because her stepdad might touch them in their private parts. In speaking with the school counselor, J.M. indicated that her stepdad (whom she identified as Collins—her mother's boyfriend at the time) "call[ed] his ... private part his stomach and asks her to suck on his stomach and he makes her do it even when she doesn't

---

1. All statutory citations are to the Revised Statutes of Missouri, 2000, as updated through the 2011 Cumulative Supplement, unless otherwise noted.

want to and that he puts white stuff on it to make it taste better. And when she does suck on it, white stuff comes out, and he tells her to swallow it." J.M. told the school counselor that the last time it happened had been that morning before school.

In response to J.M.'s disclosures, the school counselor placed a call to the Children's Division child abuse hotline. The Division worker receiving the call labeled it a Priority 1 Emergency, meaning that it needed to be investigated immediately. The Division worker went to J.M.'s home with two law enforcement officers. They arrived at J.M.'s home, which she shared with Collins, around 5:00 p.m.

When they arrived, Collins answered the door. The Division worker introduced herself and advised Collins that she was there to ensure the children's [2] safety and asked if she could enter. Collins allowed her inside and she asked to first speak with him privately. She then advised Collins that the Division's purpose was to ensure the safety of children; Collins indicated that he knew this because he had been investigated before. When the worker advised Collins that the Division had received a new hotline report concerning sexual abuse of J.M. with Collins listed as the alleged perpetrator, Collins threw his arms up in the air, said "what?" and walked out of the room. The officers then took Collins outside while the worker spoke with J.M.

J.M. told the worker that she knew the worker was there because of what J.M. had told her school counselor but indicated that she was afraid to repeat the information because she was told not to say anything or she would get a spanking and Collins spanked really hard. After receiving reassurance from the worker, J.M. reiterated the information she had provided to her school counselor. J.M. further detailed that Collins had put his "stomach" in her bottom, and it made her bleed, and that he had put his hand down her pants and touched "it," pointing to her private area. J.M. indicated that the last incident of abuse had happened that morning before school, but she also stated that it happened "all the time." J.M. reiterated that Collins told her not to tell her mother or she would get a spanking.

As a result of J.M.'s statements, Collins was arrested for an investigative hold. Collins was searched incident to his arrest, but before the search began, the officer asked Collins if he had anything in his pockets the officer needed to know about before conducting the search. Collins responded, "I smoke a little." The officer then conducted the search and located a plastic baggy containing a beige rock-like substance in Collins's pocket. Subsequently, when questioned at the police station, Collins admitted that what the officers found was "$20 worth of rock in his left pant pocket." Subsequent testing revealed that the substance found contained cocaine base, more commonly known as crack cocaine.

J.M. was later interviewed by the Child Protection Center, where she revealed further acts of sexual abuse, all leading to the State charging Collins, in a single charging document, with four counts of first-degree statutory sodomy against J.M., along with a single count for possession of a controlled substance based upon the cocaine base found in Collins's pocket upon his arrest.[3]

---

**2.** At the time, Collins's infant twins were also living in the home.

**3.** Collins was also charged with two counts of sexual misconduct involving a child for expos-

ing himself to two of J.M.'s friends on an occasion when they spent the night at Collins's home while visiting J.M. The jury convicted Collins of these two counts, but the trial court granted Collins's request for a new

Before trial, Collins filed a motion to sever the possession count from the sodomy counts, arguing that joinder of the counts was improper and that a single trial on all of them would result in substantial prejudice to Collins insofar as "the jury would likely consider evidence of guilt on one charge as evidence of guilt on another charge." He specifically alleged, "Because the jury will likely be inflamed by evidence regarding Defendant's alleged sexual contact with the child complainants, it will also likely conclude that Defendant should be punished for drug abuse even though they may not believe he is guilty of doing so beyond a reasonable doubt."

The trial court denied Collins's request, and he was tried on all counts charged in the indictment. The jury found Collins guilty as charged, and the trial court sentenced him, as a persistent offender, to concurrent fifteen-year terms on the statutory sodomy counts and a consecutive ten-year term on the possession count. Collins appeals.

## Analysis

In his sole claim on appeal, Collins argues that the trial court abused its discretion in overruling his motion to sever the possession count from the sodomy counts

because they were improperly joined in the first place. We disagree.

### A. Standard of Review

"Appellate review of claims of improper joinder and failure to sever involves a two-step analysis." *State v. Holliday*, 231 S.W.3d 287, 292 (Mo. App. W.D. 2007). First, if the issue is properly preserved, we "determine whether joinder was proper as a matter of law." *Id.*; *State v. Simmons*, 158 S.W.3d 901, 909 (Mo. App. S.D. 2005) (holding that, before an appellant may challenge the propriety of joinder on appeal, that issue must have been challenged at the trial level, and, if not so challenged, it would not be addressed on appeal). "If not, then prejudice is presumed and severance is mandatory." *Holliday*, 231 S.W.3d at 292. "If joinder was proper, we then must determine whether the court abused its discretion in denying the defendant's motion to sever," again, assuming the issue of severance has been properly raised. *Id.* at 292-93 (refusing to analyze the propriety of severance where the appellant did not challenge severance in his brief). "Severance assumes that joinder is proper, but gives discretion to the trial court to decide whether trying the charges together would result in substantial prejudice." *Id.* at 292.[4]

trial as a result of instructional error. Though Collins requested below that the trial court sever the sexual misconduct counts in addition to severing the possession count, on appeal, he challenges the trial court's denial of severance with respect to only the possession charge. Accordingly, information related to the sexual misconduct counts will be discussed only to the extent necessary to resolve Collins's claim on appeal.

4. In its brief, the State argues that Collins failed to challenge the propriety of joinder below and, therefore, our review is limited to determining whether the court abused its discretion in refusing to sever the offenses. We disagree. Though Collins did not file a separate motion challenging the joinder of all of-

fenses in the indictment, he expressly argued within the severance motion that "[j]oinder of the 7 counts relating to 3 separate and distinct offenses in this case was improper."

We understand the State's confusion in this regard, however, as case law frequently cautions that "[j]oinder and severance are separate and distinct issues," *State v. Simmons*, 158 S.W.3d 901, 908 n.8 (Mo. App. S.D. 2005), that "must not be confused," *State v. Johnson*, 753 S.W.2d 576, 581-82 (Mo. App. S.D. 1988), and the fact patterns in numerous cases involve a defendant separately filing a motion to dismiss based upon improper joinder or arguing for dismissal due to improper joinder in the alternative to requesting severance, while Collins simply argued that joinder

## B. Count 7 was properly joined with the remaining counts, as they were "connected."

█ Joinder of two or more offenses within a single charging document is authorized by § 545.140.2 "if the offenses charged ... are of the same or similar character or are based on the same act or transaction or on two or more acts or transactions connected together or constituting parts of a common scheme or plan." *See also* Rule 23.05.[5] Thus, there are four different bases for when multiple offenses may be joined in a single charging document, "and joinder is appropriate where *any* of the authorized bases for joinder exists." *State v. Smith*, 389 S.W.3d 194, 209 (Mo. App. S.D. 2012) (emphasis added).

In his point relied on, Collins argues that joinder was improper because "the sex offenses charged in counts 1 through 6 were not of a same or similar character as count 7, nor were they part of a common scheme or plan with count 7." But, even accepting the accuracy of this assertion, we are not bound to conclude that joinder was improper, as Collins has identified only two of four possible bases for proper joinder. The State argues that joinder was proper on the basis that all of the acts were "connected"—the third of the four bases identified in § 545.140.2 for proper joinder. We agree.

█ "The propriety of joinder is fact dependent." *Holliday*, 231 S.W.3d at 293 (quoting *State v. McQuary*, 173 S.W.3d

was improper within the body of his motion to sever. But our research reveals no cases addressing the propriety of such dismissal requests. On the contrary, cases have held that "the joinder of distinct felonies, other than those specifically authorized, does not result in the indictment or information being bad as a matter of law," *State v. Walker*, 484 S.W.2d 284, 286 (Mo. 1972), and does "not make it subject to dismissal." *State v. Adams*, 546 S.W.2d 550, 552 (Mo. App. 1977).

Though case law indicates that joinder must be raised below before it will be considered on appeal, *Simmons*, 158 S.W.3d at 909, we have found nothing precluding a challenge to joinder from being asserted in the motion to sever, itself. Indeed, it would seem that a motion to sever is the *only* vehicle by which such a challenge may be properly raised, as the remedy for improper joinder is severance of the offenses, which can be granted only upon a proper motion. *See State v. Morrow*, 968 S.W.2d 100, 109 (Mo. banc 1998) ("If joinder is improper, then severance is required."); Rule 24.07(a) (requiring, as a prerequisite to severance, "a written motion requesting a separate trial of the offense[s]"). In the absence of such a motion, multiple charges brought within a single charging document *"shall* be tried jointly." Rule 24.07 (emphasis added); *see also* § 545.885.1 ("whenever two or more offenses are jointly charged in an indictment or information, the

court *shall* order both or all offenses to be tried together" (emphasis added)).

This is not to be confused with a situation where the State seeks to consolidate multiple offenses, charged in multiple charging documents, for a single trial. In that circumstance, a defendant may object to consolidation without seeking a separate motion to sever and, if the claim is otherwise properly preserved, may raise a challenge on appeal to the consolidation of multiple offenses in a single trial without filing a motion to sever. Though the propriety of both consolidation of multiple charging documents in a single trial and joinder of multiple offenses in a single charging document are evaluated by the standards articulated in Rule 23.05 and § 545.140, *State v. Howton*, 890 S.W.2d 740, 744 (Mo. App. W.D. 1995), the requirements placed upon defendants in challenging these different acts are distinct. And, here, Collins properly raised a challenge to joinder below in his motion to sever; thus, we address it in this opinion.

5. Rule 23.05 states:

All offenses that are of the same or similar character or based on two or more acts that are part of the same transaction or on two or more acts or transactions that are connected or that constitute parts of a common scheme or plan may be charged in the same indictment or information in separate counts.

663, 670 (Mo. App. W.D. 2005)). "Liberal joinder of offenses is favored to achieve judicial economy, and the trial court's decision should be based solely on the State's evidence." *State v. Langston*, 889 S.W.2d 93, 96 (Mo. App. E.D. 1994). " 'Connected' has its ordinary meaning and includes 'united . . . by dependence or relation, or by order in a series' and 'joined or linked together [in] a series, having the parts or elements logically related.' " *Smith*, 389 S.W.3d at 209 (quoting *State v. McKinney*, 314 S.W.3d 339, 341-42 (Mo. banc 2010)); *see also State v. Morrow*, 968 S.W.2d 100, 109 (Mo. banc 1998) (" 'Connected' is defined as: '[j]oined; united by junction, by an intervening substance or medium, by dependence or relation, or by order in a series.' " (quoting Black's Law Dictionary 302 (6th ed. 1990)); *State v. McDonald*, 321 S.W.3d 313, 318 (Mo. App. S.D. 2010) (holding that "connected" includes "things that are joined or linked together in a series or that have logically related parts or elements").

Here, Collins's possession offense was "connected" to the sodomy offenses insofar as the cocaine he possessed was discovered upon his arrest for the sodomy offenses, thus it was part of a series of events leading to the charges themselves. And looking at the State's evidence, it used the same witnesses to testify to the circumstances surrounding both offenses—namely, the arresting officer testified to the circumstances of both the sexual abuse investigation and the discovery of the cocaine. The Children's Division worker testified to the circumstances surrounding Collins's arrest, which directly led to the discovery of the cocaine. Thus, the offenses were connected not only by temporal proximity but also, when viewing them through the lens of judicial economy with a focus on the State's evidence, in the sense that they involved the same witnesses. Though

we acknowledge that the connection here is not as direct as some found in other cases, "[l]iberal joinder of criminal offenses is favored," *Smith*, 389 S.W.3d at 209, and Collins has not made any argument on appeal that this connection is insufficient.

Rather, Collins points out that the trial court initially determined that the offenses were not sufficiently connected before later finding otherwise. Here, a bit of background information is necessary. The State initially charged Collins in separate charging documents for the sodomy counts and the possession count but sought to consolidate the separate matters for a single trial. Collins objected, arguing that, "[i]n order for joinder to be permitted the drug charge has to be of the same or similar character which it is not, be part of the same transaction which it is not, or part of a common scheme or plan." He then argued, in part incorrectly, that "[t]here is no evidence that any of the sex crimes occurred due to drugs or that they occurred on February 29, 2012 the day the defendant was arrest[ed] with drugs." Though he was correct that there was no evidence that the sex crimes involved drugs, he was incorrect in his assertion that none of the alleged sexual abuse occurred on the day he was arrested and found with the drugs. The evidence clearly showed that the only reason the officers were at Collins's home on the day of his arrest was because they were accompanying a Children's Division worker investigating allegations of sexual abuse lodged against Collins based, in part, on an act that took place that very morning. In any event, Collins's objection to the court failed to accurately state all of the various bases for proper joinder—specifically, he omitted the basis where two or more acts or transactions "are connected."

Based upon Collins's objection, the trial court denied the State's request to consoli-

date the two matters, finding that "[t]he possession of drugs at the time of defendant's arrest is not sufficiently connected to the alleged sex crimes." Following the court's ruling, Collins and the State apparently engaged in plea negotiations, resulting in an agreement whereby Collins would plead guilty to a single count of endangering the welfare of a child in the one case and the single count of possession in the other case, and the State would agree to concurrent sentences of three years and ten years, respectively. Collins pled guilty and was sentenced as agreed upon, but he then sought and obtained post-conviction relief, resulting in vacation of both his convictions and sentences with a remand for new trial.

Upon remand, the State filed a new indictment, including all of the sodomy counts and the possession count together. Collins filed the motion to sever that is at issue in this appeal, arguing—based upon the court's prior ruling—that joinder of the sodomy offenses with the possession offense was improper. The trial court, however, disagreed, noting that, "based on the reading of the cases and the Court's understanding of the acts—timing of the acts charged," joinder was proper.

The trial court was the same throughout all of Collins's proceedings. It appears that the trial court simply changed its mind regarding the propriety of joinder from the time the State originally sought consolidation to the time the State refiled all charges in a single indictment. Collins has presented us with neither argument nor authority indicating that the trial court was not permitted to do so, and we refuse to so hold.

In sum, because the possession offense was connected with the sodomy offenses insofar as the possession offense occurred at the time of Collins's arrest for the sodomy offenses, joinder was proper.

## C. The trial court did not abuse its discretion in refusing to sever, as Collins failed to allege sufficient prejudice.

"If it appears that a defendant ... is substantially prejudiced by a joinder of the offenses for trial, ... the court may grant a severance of offenses," but only "upon a written motion of the defendant ... and upon a particularized showing of substantial prejudice." § 545.885.2. "Substantial prejudice" is defined in the statute as "a bias or discrimination against the defendant ... which is actually existing or real and not one which is merely imaginary, illusionary or nominal." *Id.*

"Severance is a matter within the sound discretion of the trial court directed toward achieving a fair determination of the defendant's guilt or innocence of each offense charged." *State v. Conley*, 873 S.W.2d 233, 238 (Mo. banc 1994) (quoting *State v. McCrary*, 621 S.W.2d 266, 272 (Mo. banc 1981)). "The court should consider, among other relevant factors, the number of offenses charged, the complexity of the evidence offered, and whether the trier of fact will be able to distinguish the evidence and apply the law intelligently as to each offense." *Id.* (quoting *McCrary*, 621 S.W.2d at 272).

In his motion, Collins argued substantial prejudice as follows:

Joinder of the 7 counts relating to 3 separate and distinct offenses in this case ... would result in substantial prejudice to defendant because the jury would likely consider evidence of guilt on one charge as evidence of guilt on another charge.

. . .

Regarding count 7 (the felony of possession of cocaine), when combined with counts 1-6 (the felonies of sexually abusing children), the jury will have totally different evidence to consider regarding

each count, especially relating to the drug possession case. Because the jury will likely be inflamed by evidence regarding Defendant's alleged sexual contact with the child complainants, it will also likely conclude that Defendant should be punished for drug abuse even though they may not believe he is guilty of doing so beyond a reasonable doubt. The prejudice of comb[in]ing count 7 with the other 6 counts against Defendant is highly prejudicial to his right to a fair trial unless severance is granted as requested herein.

These allegations were insufficient.

■■■■ To begin, "[s]everance of jointly charged offenses is not mandated merely because evidence relating to one count would not be admissible in the trial of a second count if the two were tried separately." *Conley*, 873 S.W.2d at 238. "The general allegation"—as raised in Collins's motion—"that the jury would likely consider evidence of guilt of one charge as evidence of guilt of another charge is not sufficient to show a particularized showing of substantial prejudice." *State v. Hood*, 451 S.W.3d 758, 765 (Mo. App. E.D. 2014). Though it is "a relevant factor in the determination of prejudice ... even where the evidence would not be admissible if the charges are tried separately, any prejudice may be overcome where the evidence with regard to each crime is sufficiently simple and distinct to mitigate the risks of joinder." *Conley*, 873 S.W.2d at 238. In his motion, Collins appears to concede that the evidence for the sodomy counts was "totally different" from the evidence "relating to the drug possession case," thus overcoming any potential prejudice from trying the offenses together. Accordingly, the trial court did not abuse its discretion in overruling Collins's motion to sever.

**D. Collins was not, in fact, prejudiced by the trial court's refusal to sever.**

■■■■ In any event, Collins was not prejudiced by the court's refusal to sever. In his brief, he argues that "[t]he allegations and the evidence on counts 1 through 6 were so prejudicial that they created an unreasonable risk that a jury, having heard evidence on those counts, would be moved to convict Mr. Collins of any additional charges as well, regardless of the strength of the evidence." But, here, the evidence of Collins's possession of cocaine was overwhelming. Collins not only had the cocaine on his person (in his pocket) but also he advised the investigating officer before discovery of the cocaine, *in response to a question about the contents of his pockets*, that he "smoke[d] a little." Then, when being questioned about the substance found, Collins admitted that it was "$20 worth of rock." Thus, the jury's determination of his guilt on the possession charge was undoubtedly based upon the actual evidence of drug possession and not on any perceived propensity of Collins to violate the law.

■■■■ Furthermore, the jury was instructed that "[t]he defendant is charged with a separate offense in each of the seven counts submitted to you. Each count must be considered separately." The same instruction further indicated: "You should return a separate verdict for each count and you can return only one verdict for each count." The jury was then given separate verdict-directing instructions for each offense and separate verdict forms for each offense. "Where the evidence relating to each of the offenses is uncomplicated and distinct, and the jury is properly instructed to return separate verdicts for each offense charged, the trial court does not abuse its discretion in refusing to sever

the counts." *State v. Love*, 293 S.W.3d 471, 477 (Mo. App. E.D. 2009).

### Conclusion

The trial court did not abuse its discretion in refusing to sever the possession charge from the sodomy charges. All of the charges were properly joined in a single indictment and Collins failed to demonstrate substantial prejudice from a single trial on all counts. His convictions and sentences are affirmed.

Edward R. Ardini, Jr., Presiding Judge, and Anthony Rex Gabbert, Judge, concur.